

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

0-5099

Honorable R. A. Courtney
County Auditor
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. 0-2400
Re: Recording fees -
official bonds.

Your request for opinion has been received and carefully considered by this department. We quote from your letter of request as follows:

"1. When a person is appointed as a Deputy by any County Official, is it legal for the Officer deputizing said person to hold out the amount of the recording fee of the Deputation out of his monthly report of taxes collected by him; thereby, charging the County with the amount of the recording fee of said Deputation, or should the person being deputized pay said recording fee out of his or her personal funds? An Official insists that I pay the recording fee of such deputation out of County Funds or he will hold it out of his report. I do not think that such recording fee should be paid by the county. Please advise.

"2. Are the recording fees of the Official Bonds of the County Judge and the Road Commissioners such fees as should be paid by the County out of County Funds and also Justices of the Peace? All of these Officials are drawing a yearly salary, being paid one twelfth of said salary each month, but contend that these fees should be paid by the County out of County Funds."

The population of Angelina County, Texas, according to the last preceding Federal Census of 1930 is 27,803 inhabitants. We understand from your letter that the precinct officers are compensated upon a salary basis as well as the county officers.

Section (b) of Article 3899, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"(b) Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premium on fire, burglary, theft, robbery insurance protecting public funds and including the cost of surety bonds for his Deputies, such expenses to be passed on, pre-determined and allowed in kind and amounts, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the County Auditor, if any, otherwise the County Treasurer, only as to whether funds are available for payment of such expenses ......

"Such purchases shall be made by each officer, when allowed, only by requisition in manner provided by the County Auditor, if any, otherwise by the Commissioners' Court. Each officer shall, at the close of each month of his tenure of office, make an itemized and sworn report of all approved expenses incurred by him and charged to his county, accompanying such report with invoices covering such purchases and requisitions issued by him in support of such report. If such expenses be incurred in connection with any particular case, such report shall name such case. Such report, invoices and requisitions shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court, and if it appears that any item was not incurred by such officer, or that such item was not a necessary or legal expense of such office, or purchased upon proper requisition, such item shall be by said County Auditor or court rejected, in which case the payment of such item may be adjudicated in any court of competent jurisdiction. All

such approved claims and accounts shall be paid
from the Officers' Salary Fund unless otherwise
provided herein. . ."

The law requires the appointment or deputation of
certain deputy county officers to be recorded. For example,
viz: Deputy Sheriffs, Article 6869; Deputy County Clerks,
Article 1938; Deputy District Clerks, Article 1898; etc.

All official bonds of county officers that are re-
quired by law to be approved by the commissioners' court, and
which have been so approved must be recorded by the county
clerk. (Article 6000)

Commissioners' Courts are courts of limited juris-
diction, in that their authority extends only to matters
pertaining to the general welfare of their respective coun-
ties and that their powers are only those expressly or im-
pliedly conferred upon them by law, - that is, by the Constitu-
tion and statutes of this State.

Article 3899, Section (b), supra, does not authorize
the county to pay the cost of recording the appointment or
deputations of deputy county officers.

Article 3899, Section (b), supra, authorizes the
payment of premiums on the official bonds of the officers
named in the act and the cost of surety bonds for their
deputies when its conditions are complied with. Road Com-
missioners are not named in the act and consequently the
premium on their bonds must be paid by the Road Commission-
ers personally.

Article 3899, Section (b), supra, specifically
authorized the payment of the premium on bonds of county
officials and their deputies. We are of the opinion that
this authorization will not include the cost of recording
these bonds, which expense we think is a personal expense and
should be borne personally by the officers and deputies.

You are therefore respectfully advised that it is

Honorable R. A. Courtney, page 4

the opinion of this department that the county has no author-
ity to pay the recording fees mentioned in your two questions
and that the same should be paid personally by said deputies and
by said officials.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:KW

APPROVED JUNE 7, 1940

/s/ Grover Sellers
First Assistant
Attorney General

APPROVED OPINION COMMITTEE

BY /s/ BWB Chairman